579 A.2d 920

COMMONWEALTH of Pennsylvania

v.

Robert W. HANES, Appellant.

Superior Court of Pennsylvania.

Submitted June 25, 1990.

Filed Aug. 14, 1990.

40

Joseph E. Buckley, Jr., Brookville, for appellant.

Vernon D. Roof, Dist. Atty., Ridgway, for Com.

Before CIRILLO, President Judge and POPOVICH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the January 2, 1990 order denying appellant, Robert Hanes, relief under the Post–Conviction Relief Act (PCRA). We affirm.

On April 28, 1987, appellant was found guilty by a jury of driving under the influence of alcohol pursuant to 75 Pa. C.S. § 3731(a)(1) and two summary offenses: failing to drive on the right side of the roadway and failing to stop at the scene following an accident pursuant to 75 Pa.C.S. § 3301(a) and § 3743(a), respectively. The jury also found him not guilty of operating a motor vehicle while his blood-alcohol content was in excess of .10 percent. 75 Pa.C.S. § 3731(a)(4). The Court of Common Pleas of Elk County denied appellant's post-trial motions on June 26, 1987, and sentenced him on September 4, 1987,[1] to thirty days to twenty-three and one-half months imprisonment, the payment of restitution, costs, and fine, the loss of his driver's license for one year, and participation in the Influenced Offenders Program and Reporting Network Testing System, both at appellant's cost. Appellant did not appeal from the judgment of sentence.

1. The court originally sentenced appellant to thirty days to two years imprisonment. On November 12, 1987, the court amended its September 4, 1987 order, directing that appellant's incarceration be thirty days to twenty-three and one-half months.

On February 21, 1989, appellant, by new counsel, filed a petition under the PCRA. The court held a hearing on April 5, 1989, and denied the petition on January 2, 1990. This timely appeal followed.

The facts of the crime are as follows. On July 3, 1986, at approximately 10:30 p.m., Barbara Grasser was driving her boyfriend, Roger Bowers, in his truck, traveling north on Route 321 toward Kane, Pennsylvania. Appellant, driving south, crossed the center lane, forcing Ms. Grasser partially onto the berm at which point he struck the Bowers vehicle. Appellant did not stop at the scene, but continued in the same direction, eventually stopping at a local bar. Appellant, bleeding profusely from his arm, asked Brenda O'Neill, the owner of the bar, if he could use the telephone. Appellant telephoned the Elk County Emergency Communications Center, identified himself, reported he had been involved in an accident on Route 321, and stated that he was going to Ridgeway Hospital.

The communications center notified the Pennsylvania State Police of appellant's telephone call. The police proceeded to Ridgeway Hospital, but appellant was not there. The police then were directed to appellant's home. Corporal William Wetzel testified that an automobile was parked in the driveway with fresh damage to the driver's side of the vehicle. When the police were admitted to the home, they observed appellant with an injured arm, glassy and blood shot eyes, slurred speech, and unsteady balance. Corporal Wetzel directed Mrs. Hanes to drive appellant to the hospital, where personnel performed a blood test that showed the alcohol level of appellant's blood to be 0.305 percent.

Appellant raises the following issues for our review:
1. WHETHER DEFENSE COUNSEL'S PRODUCTION OF ONLY ONE OBVIOUSLY BIASED WITNESS TO REBUT THE TESTIMONY PRESENTED BY THE COMMONWEALTH WHEN EXPERTS WERE AVAILABLE TO INFORM THE JURY OF THE OUTWARD MANIFESTATIONS OF SHOCK AND SEVERE BLOOD

LOSS CONSTITUTED UNREASONABLE AND INEFFECTIVE COUNSEL WHICH PREJUDICED DEFENDANT'S CAUSE?

2. WHETHER IT WAS UNREASONABLE AND PREJUDICIAL TO DEFENDANT'S CAUSE, FOR DEFENSE COUNSEL NOT TO POLL THE JURY IN LIGHT OF THE OBVIOUS INCONSISTENCY OF ITS VERDICT?

3. WHETHER THE VERDICT ON THE CHARGE OF VIOLATING 75 Pa.C.S.A. SECTION 3731(a)(1) WAS PROPERLY SUPPORTED BY THE EVIDENCE?

4. WHETHER THE DEFENDANT WAS PROPERLY ADVISED BY PRIOR COUNSEL OF THE EFFECT OF WAIVING HIS RIGHT TO APPEAL HIS CRIMINAL CONVICTION, RESULTING IN DEFENDANT NOT HAVING ALL OF THE PROPER INFORMATION AVAILABLE TO HIM WHEN HE INFORMED PRIOR COUNSEL THAT HE DID NOT WISH TO APPEAL?

5. WHETHER THE MISREPRESENTATIONS MADE TO THE DEFENDANT BY THE DISTRICT ATTORNEY SO PREJUDICED THE DEFENDANT THAT HE OUGHT, IN GOOD CONSCIENCE, TO BE PERMITTED TO RELY ON THE REPRESENTATIONS MADE BY THE COMMONWEALTH, OR IN THE ALTERNATIVE, BE GRANTED A NEW TRIAL?

First, we will address appellant's fourth issue. In effect, appellant asserts that the issues raised in his PCRA petition are not waived by his failure to file a direct appeal from the judgment of sentence because trial counsel provided ineffective assistance. He contends that trial counsel failed to advise him properly concerning the effect of his failure to file a direct appeal.

Appellant's eligibility for relief is governed by the provisions of the Post–Conviction Relief Act. 42 Pa.C.S. § 9543 controls appellant's eligibility for relief under the PCRA and lists four factors that must be met before such relief may be granted. We examine the third factor first:

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a). Section 9544 of the PCRA defines both previous litigation and waiver. An issue has been previously litigated under the PCRA in three circumstances, none of which is applicable herein.

Next, we address the issue of waiver. Section 9544(b) provides in relevant part that an "issue is waived if the petitioner failed to raise it and if it could have been raised ... on appeal." (Emphasis added). Since appellant's issues could have been raised on direct appeal, they have been waived under section 9544. Appellant nevertheless will be eligible for relief under the PCRA if one of the two exceptions to waiver contained in section 9543(a)(3) applies. We will address the applicability of 42 Pa.C.S. § 9543(a)(3)(ii), whether the alleged error resulted in the conviction of an innocent person, *infra*, when we address appellant's sufficiency of the evidence claim. We now determine if section 9543(a)(3)(iii) applies.

Section 9543(a)(3)(iii) applies, *inter alia*, if the waiver of the issue, as in this case, has occurred as a result of a failure to raise it during direct appeal. *Commonwealth v. Ryan*, 394 Pa.Super. 373, 575 A.2d 949 (1990). Accordingly, we next examine whether the waiver constitutes "a State procedural default barring Federal habeas corpus relief." 42 Pa.C.S. § 9543(a)(3)(iii). If not, we will conclude that the issue is not waived. Federal courts will excuse a state procedural default based upon a showing of cause and prejudice. *Wainright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497,

53 L.Ed.2d 594 (1977). There must be cause for the default and prejudice resulting therefrom. Ineffective assistance of counsel normally constitutes cause for procedural default in federal court as long as there has been no deliberate decision not to pursue the issue. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Thus, a tactical decision not to pursue the issue bars federal habeas corpus relief, but ineffectiveness of counsel does provide cause for a procedural default. Accordingly, a sufficient allegation of ineffectiveness of prior counsel will satisfy the requirements of section 9543(a)(3)(iii). *Commonwealth v. Velasquez*, 387 Pa.Super. 238, 563 A.2d 1273 (1989).

In the present case, appellant alleges the ineffective assistance of trial counsel. Appellant states that counsel's ineffectiveness precipitated his failure to appeal. Since the record fails to substantiate that a tactical decision was made to forego these claims on direct appeal, and since the allegations relate to the effectiveness of counsel, we conclude that the claims are not waived due to the operation of section 9543(a)(3)(iii). *Id.* Thus, appellant also satisfies the requirements of § 9543(a)(4), which provides, *inter alia*, that a PCRA petitioner must plead and prove that the failure to litigate an issue on direct appeal could not have resulted from "any rational strategic or tactical decision by counsel." Further, since appellant asserts in his PCRA petition that he currently is on parole, he satisfies the requirements of § 9543(a)(1).

Finally, we determine whether appellant has met any of the requirements contained in 42 Pa.C.S. § 9543(a)(2), which also limits a petitioner's eligibility for relief. That section provides that a PCRA petitioner must plead that his conviction resulted from one or more of eight circumstances.

Appellant's PCRA petition asserts that trial counsel provided ineffective assistance. Ineffective assistance of counsel is cognizable under the PCRA only where it undermined the truth-determining process so that no reliable adjudication of guilt could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). "This is a substantial restriction of the

grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas,* 396 Pa.Super. 92, ——, 578 A.2d 422, 425 (1990). Appellant's allegations of ineffective assistance are that trial counsel forewent expert testimony to rebut the testimony of several Commonwealth witnesses with respect to the cause of appellant's physical condition which led to his conviction under 75 Pa.C.S. § 3731(a)(1), and that trial counsel failed to poll the jury when it was obvious that its verdict was inconsistent.

■ The latter issue, concerning counsel's failure to poll the jury, facially does not raise a claim that undermines the truth-determining process; thus, we find that the issue is not cognizable under the PCRA. Even if that issue were cognizable, it is lacking in merit. Appellant has not alleged nor substantiated by allegations that find support in the record that any of the jurors failed to join in the verdict. Inconsistency in the verdict has never been a ground for reversal.[2] *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971); *Commonwealth v. Hall,* 382 Pa.Super. 6, 554 A.2d 919 (1989).

■ Next, appellant contends that trial counsel was ineffective for failing to produce expert testimony to rebut the Commonwealth's testimony concerning appellant's condition at the time of the accident. He asserts,

It is a very distinct possibility that the defendant would have met with a different outcome at trial had trial-counsel allowed the jury to hear from the mouth of a credible expert, that the physical characteristics displayed by the defendant shortly after the automobile accident could well have been attributed to shock and the severe loss of blood.

**2.** We also disagree that the verdict is inconsistent. Since both appellant and his wife testified at trial that appellant drank approximately twelve ounces of whiskey when he stopped at his home after the accident, N.T., 4/28/86, at 147, 156, the jury may have concluded that the blood test did not reflect appellant's blood-alcohol level at the time of the accident. However, since appellant also admitted to drinking three bottles of beer before the accident, the jury also concluded that appellant had been driving while under the influence of alcohol.

Appellant's brief at 11. Appellant claims that the lack of expert testimony was significant in this case in light of the jury's conclusion that appellant was not guilty of operating a motor vehicle while the amount of alcohol in his blood was 0.10% or greater.

Appellant does not identify any expert who would testify that appellant's behavior could have been the result of shock or blood loss. In fact, counsel admitted at the PCRA hearing that he had no competent evidence that blood loss could cause slurred speech, unsteady balance, or alcohol on the breath. Notes of Testimony (N.T.), 4/5/89, at 16. The Pennsylvania Supreme Court has noted that when "making assertions of ineffectiveness, we ... require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This is so because we frown upon considering claims of ineffectiveness of counsel in a vacuum." *Commonwealth v. Durst*, 522 Pa. 2, 5, 559 A.2d 504, 505 (1989). *See also Commonwealth v. Weinder*, 395 Pa.Super. 608, 577 A.2d 1364 (1990) (Superior court will not consider claim of ineffectiveness in the abstract).

Further, a review of the record reveals that trial counsel did indeed attempt to convince the jury, through direct testimony and on cross-examination, that appellant's intoxicated appearance could have been the result of his injury in the accident. N.T., 4/28/86, at 45, 98–100, 138–39. Thus, we conclude that trial counsel's failure to present expert testimony, under the facts of this case, did not so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.[3] Therefore, this issue is not cognizable under the PCRA.

■ Appellant's third issue is that his conviction of 75 Pa.C.S. § 3731(a)(1) was not supported by sufficient evi-

---

3. *See also Commonwealth v. Weinder, supra,* where we stated, "[I]t is not enough for appellant to show that he suffered some prejudice as a result of counsel's ... inaction, but rather that counsel's ... inaction so affected the trial itself ('the truth determining process') that the result of the trial is inherently unreliable." *Id.,* 395 Pa.Super. 627, 577 A.2d at 1374.

dence. Again, in order to be cognizable, appellant must prove that his conviction resulted from one or more of the eight circumstances set forth in 42 Pa.C.S. § 9543(a)(2). A claim that guilt has not been proven beyond a reasonable doubt clearly alleges a violation of the federal constitution. In addressing the viability of a sufficiency of the evidence claim in a first PCRA petition, this court stated:

> We agree that the issue is *cognizable* under the PCRA. Our disposition in the prior appeal did not turn on the *merits* of the claim; therefore, it has not been previously litigated under 42 Pa.C.S.A. § 9544(a)(2). Moreover, appellant's waiver of the claim on direct appeal is excusable under the PCRA in light of counsel's alleged ineffectiveness, *see id.* § 9543(a)(2)(ii), and because the claim involves the sufficiency of the evidence, which necessarily implicates the "truth-determining process", *see id,* and raises a question whether an "innocent individual" has been convicted. *See id.* § 9543(a)(3)(ii).

*Commonwealth v. Perlman,* 392 Pa.Super. 1, 5, 572 A.2d 2, 4 (1990) (emphasis in original) (footnote omitted).

Appellant contends that the only evidence of his alcohol consumption presented to the jury was from his own testimony that he drank three seven-ounce bottles of beer two hours before the accident. Further, he alleges that his testimony "established the fact that he could not have been under the influence of alcohol to such an extent that his ability to drive, operate, or control an automobile was impaired." Appellant's brief at 16.

In reviewing a challenge to the sufficiency of the evidence we determine

> whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Akers,* 392 Pa.Super. 170, 181, 572 A.2d 746, 751 (1990), quoting *Commonwealth v. Jackson,* 506 Pa.

469, 472–73, 485 A.2d 1102, 1103 (1984). It is within the province of the fact finder to determine the weight to be given to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Carbone,* 524 Pa. 551, 574 A.2d 584 (1990); *Commonwealth v. Parker,* 387 Pa.Super. 415, 564 A.2d 246 (1989).

We have read the testimony at trial and conclude that there is sufficient evidence to support the verdict. Appellant admitted drinking beer within two hours of the accident. He crossed the center line of the roadway, forcing an on-coming vehicle onto the berm, and struck it. He fled the scene, although he eventually stopped at a bar and reported the accident. The bar owner testified that appellant appeared to be intoxicated. Corporal Wetzel testified that shortly after the accident, he noticed the odor of alcohol on appellant's breath, and described appellant as having blood shot, glassy eyes, slurred speech, and unsteady balance. Accordingly, appellant's sufficiency of the evidence claim must fail.

Finally, appellant asserts that the Elk County District Attorney advised appellant that the maximum period for which his driving privileges would be revoked was one year and that based upon this advice, appellant chose not to appeal. Appellant contends that he met with the district attorney in order to seek legal advice concerning the consequences of failing to file a direct appeal and that the district attorney *"encouraged* Defendant to forgo his right to appeal...." Appellant's brief at 22 (emphasis in original).

We first examine whether this issue is cognizable under the PCRA by ascertaining whether appellant's conviction resulted from one or more of the eight circumstances set forth in 42 Pa.C.S. § 9543(a)(2). The applicability of § 9543(a)(2)(iv) must be analyzed in light of the way appellant has framed this issue. That section provides that a PCRA petitioner must plead that his conviction resulted from "[t]he improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the

trial court." 42 Pa.C.S. § 9543(a)(2)(iv). Although appellant does not assert in the context of this issue what meritorious claim existed, we will assume that the issues raised in this brief, other than the ineffectiveness claims, are the "meritorious appealable issue[s]" that existed. Since we determined, *supra*, that no meritorious issues exist in this case, this claim is not cognizable under the PCRA.

However, even if it were cognizable, it clearly is lacking in merit. The record does not support appellant's assertion that the district attorney encouraged him to forgo his right to appeal. First, we note that this issue, as raised in appellant's brief, lacks any citation to the record. Second, the allegations in the brief find no support in the record. We have read the notes of testimony from the PCRA hearing. The only testimony concerning this issue arose during the Commonwealth's cross-examination of appellant. Appellant stated that during a spontaneous meeting between appellant and the district attorney in a convenience store near the courthouse *two weeks prior to trial*, appellant inquired about a possible plea bargain and asked, "Is one year loss of license all that I'm going to receive?" to which the district attorney allegedly responded, "Yes." N.T., 4/5/89, at 19–20.

Even if such a spontaneous, pretrial meeting occurred, this testimony clearly does not support appellant's claim that the Commonwealth provided legal advice concerning the consequences of failing to appeal his conviction (he was not convicted at the time), and certainly does not provide an iota of evidence that the Commonwealth encouraged him to forgo his direct appeal.

Order affirmed.

POPOVICH, J., concurs in the result.