Edward **SISTRUNK**

v.

Donald **VAUGHN, et al.**

Civ. A. No. 90–1415.

United States District Court, E.D. Pennsylvania.

Jan. 24, 1991.

Edward Sistrunk, pro se.

S. Timothy A. Crawford, Jr., Philadelphia, Pa., for plaintiff.

Elizabeth J. Chambers, Chief, Federal Litigation, Dist. Attys. Office, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Edward Sistrunk was convicted in 1981 by a jury of felony murder, arson, aggravated assault, aggravated robbery, and conspiracy. On appeal, the Superior Court affirmed Sistrunk's convictions, but vacated the judgment of sentence imposed upon the aggravated robbery conviction on the ground that it merged with the felony murder sentence. The Supreme Court of Pennsylvania denied Sistrunk's request for allowance of an appeal on April 24, 1987.

In this habeas corpus proceeding, Sistrunk collaterally attacks his convictions on four grounds: (1) the denial of his motion to sever his trial from that of his co-defendant denied him a fair trial, (2) the prosecutor engaged in misconduct that denied him a fair trial, (3) the prosecutor's use of racially motivated peremptory challenges violated the equal protection clause of the fourteenth amendment, and (4) his attorney denied him effective assistance of counsel by failing to challenge the prosecutor's use of racially motivated peremptory challenges on appeal. The issue is whether petitioner has exhausted state remedies with respect to all his claims, as required by *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

The parties agree, and the record confirms, that petitioner has exhausted his state remedies in regard to his claims concerning the denial of his motion for a severance, prosecutorial misconduct, and the prosecutor's use of racially motivated peremptory challenges. The dispute concerns petitioner's ineffective assistance claim, which he concedes was never previously raised. Magistrate Powers has filed a report recommending that the habeas petition be dismissed for failure to exhaust state remedies because petitioner has failed to establish that Pennsylvania courts would not entertain the ineffective assistance of counsel claim. Petitioner objects to Magistrate Powers' report, arguing that his case is controlled by *Teague v. Lane*, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989), in which the United States Supreme Court held that a habeas petitioner to whom state post-conviction relief was unavailable would be deemed to have exhausted his state remedies. The matter is now before the court for a *de novo* determination. 28 U.S.C. § 636(b)(1).

The validity of petitioner's objection depends on whether he would be foreclosed from litigating his ineffective assistance claim under Pennsylvania's Post–Conviction Relief Act (PCRA), 42 Pa. Cons.Stat. § 9541, *et seq. Cf. Santana v. Fenton*, 685 F.2d 71, 75 (3d Cir.1982) ("[W]here a fair reading of the state post-conviction relief statute indicates that a state court might well entertain * * * claims not raised in prior proceedings, and in the absence of a state court decision clearly foreclosing such a result," the exhaustion requirement is not satisfied.), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). Under the PCRA, a person, who has been convicted of a crime under Pennsylvania law and who is serving a sentence of imprisonment, may obtain relief if, *inter alia*, he pleads and proves that the conviction resulted from one or more of certain infringements of his rights, including ineffective assistance of counsel. 42 Pa. Cons. Stat. § 9543(a)(1), (2). However, the PCRA only provides redress for ineffective assistance of counsel where the deficient representation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* § 9543(a)(2)(ii); *see also Commonwealth v. Hanes*, 397 Pa.Super. 38, 579 A.2d 920, 923 (Pa.Super.1990). Petitioner's claim that he was denied ineffective assistance of counsel by his attorney's

failure to challenge the prosecutor's use of racially motivated peremptory challenges does not meet this stringent standard.

*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), established that the equal protection clause of the fourteenth amendment prohibits a prosecutor from using peremptory challenges in a criminal case to exclude members of a defendant's race on racial grounds. In *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (per curiam), the Supreme Court was presented with the question of whether the rule announced in *Batson* should be applied retroactively to collateral proceedings attacking final convictions. In resolving this issue, the Court considered whether the *Batson* rule " 'goes to the heart of the truthfinding function.' " *Id.* at 259, 106 S.Ct. at 2880 (quoting *Solem v. Stumes,* 465 U.S. 638, 645, 104 S.Ct. 1338, 1343, 79 L.Ed.2d 579 (1984)). Acknowledging that the *Batson* rule "may have some bearing on the truthfinding function of the criminal trial" insofar as it serves a criminal defendant's interest in neutral jury selection procedures, the Court emphasized that the rule was also designed to serve other ends, such as ensuring that states do not discriminate against citizens who are called to sit in judgment against a member of their own race and strengthening public confidence in the administration of justice. *Id.* Because the *Batson* rule was designed to serve these multiple ends and because it joined already existing procedures designed to guard a defendant's interest in a neutral factfinder, the Court decided that the rule did not have "such a fundamental impact on the integrity of factfinding as to compel retroactive application." *Id.*

In view of *Allen,* petitioner's allegation that he was denied effective assistance of counsel by his attorney's failure to raise a *Batson* claim cannot be said to raise an instance of ineffective assistance that so fundamentally undermines the truth-determining process as to be cognizable under the PCRA. *Cf. Rose,* 455 U.S. at 544 n. 8, 102 S.Ct. at 1216 n. 8 (Stevens, J., dissenting) ("In ruling that a constitutional principle is not to be applied retroactively, the

Court implicitly suggests that the right is not necessary to ensure the integrity of the underlying judgment; the Court certainly would not allow claims of such magnitude to remain unremedied."). Accordingly, petitioner's ineffectiveness claim must be considered exhausted under *Teague,* 489 U.S. at 297–98, 109 S.Ct. at 1067–68. Inasmuch as all the claims raised in the habeas petition have been exhausted, the merits of the petition must be decided. The matter will recommitted to Magistrate Powers for that purpose.