614 A.2d 1203

**COMMONWEALTH of Pennsylvania**

v.

**Lester EADDY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed Sept. 30, 1992.

Lester Eaddy, appellant, pro se.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

Lester Eaddy appeals the June 7, 1991 denial of his petition for PCRA relief. We affirm.

On February 4, 1987, appellant was convicted following a nonjury trial of two counts of aggravated assault and reckless endangerment and one count of possession of an instrument of crime. In post-trial motions, appellant contended that counsel was ineffective for failing to file a motion to dismiss under Rule 1100 and that the evidence was not sufficient to support his convictions. A hearing was held on the issue of trial counsel's ineffectiveness on January 17, 1988, when appellant was represented by new counsel. In denying appellant's post-trial motions, the trial court determined the following:

The defendant's main unhappiness with trial counsel was trial counsel's refusal to file a motion requesting the defendant's discharge under Rule 1100. Trial counsel testified that he was aware that the defendant wished such a motion filed and he, trial counsel, had specifically refused to file such a motion or to pursue such relief. Trial counsel, William Stewart, testified that the reason he did not pursue relief under Rule 1100 was that he was personally aware that the case was tried at the earliest possible time given the Court's calendar. Attorney Stewart went on to describe that he had been personally assigned to the courtroom and the judge for an extended period of time prior to this case and was familiar with the Court's calendar and docket at the time. Trial counsel concluded that he considered a motion

for dismissal pursuant to Rule 1100, "frivolous." (N.T., January 27, 1988, pages 19 thru 25).

. . . .

Defendant's Post–Trial Motions raised the issue of the sufficiency of the evidence to support a verdict of conviction on the charge of aggravated assault. There are two separate assaults. The court will discuss each one.

The evidence showed that on the evening of October 30th, [1985], the defendant appeared on the porch of a house situated and known as 1623 N. 56th Street. The incident occurred at approximately 8:00 P.M. that evening. The apartment on the first floor was occupied by Mrs. Lucy Adams, her daughter, Arlene Briggs, Mr. Kevin Rawls and a number of small children. At that time, the defendant, Lester Eaddy, knocked on the door. He requested that Arlene Briggs come to the door. She refused. She did look out of the window and observed the defendant. (N.T., 2/4/87, pg. 7). She did not go to the door, however, but went to the rear of the house. Mr. Kevin Rawls stayed in the living room. Two gunshots were fired through the window. One of them struck Mr. Rawls. Because the shade was drawn on the window, it is assumed that the person firing the shots was not aiming at any specific person and simply fired blindly. The defendant argues that he should not be convicted of aggravated assault since there is no evidence of a specific intent as to a specific person. In these circumstances, a specific intent toward a specific person is unnecessary. *Commonwealth v. Daniels*, [467 Pa. 35,] 354 A.2d, 538. In this case, it is clear that the defendant fired gunshots into a residence he knew to be occupied. His indifference as to whom might be shot does not lessen the seriousness of his act. Nor is it any defense that more serious harm was not caused. *Commonwealth v. Bond*, [261 Pa.Super. 311,] 396, A.2d 414. *Commonwealth v. Wanamaker*, [298 Pa.Super. 283,] 444 A.2d, 1176. The Court has no difficulty in finding that § 2702(4) applies to defendant's actions on October 30, 1985.

On November 1, 1985, Arlene Briggs was specifically attacked by the defendant. He came up behind her and attempted to stab her in the neck with a fork. Injury to her was avoided only by her physical efforts to evade the defendant and the timely intervention of the police. (N.T., 2/4/87, pgs. 32 thru 37). The Court finds that the assault of November 1, 1985, qualifies as the defendant ... attempt[ed] to cause serious bodily injury to Arlene Briggs. While a fork is not a "deadly weapon", the defendant's attempt to strike Ms. Briggs in the head or neck certainly justifies the inference that he intended serious bodily harm. *Commonwealth v. Pandolfo*, [300 Pa.Super. 447,] 446 A.2d 939. The defendant's bland assertion that he was intending only to have a conversation with Ms. Briggs is wholly unconvincing.

Trial court opinion, 4/19/88, at 2–4.

Appellant filed a direct appeal, raising two issues: "[T]rial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 1100 and also that the evidence was insufficient to sustain his two aggravated assault convictions." Superior Court opinion, 11/21/88, at 1. We reviewed the merits of the underlying Rule 1100 claim and determined that it was meritless and that trial counsel was not ineffective for failing to move for dismissal on that basis. We then exhaustively reviewed the evidence against appellant regarding the charges on both October 30, 1985, and November 1, 1985. We concluded that the evidence was sufficient to sustain his convictions in both instances. *Commonwealth v. Eaddy*, 385 Pa.Super. 648, 555 A.2d 244 (1988) (No. 868 Philadelphia, 1988).

On May 16, 1990, appellant filed his first petition for relief under the Post–Conviction Relief Act. His contentions were that his right to a speedy trail was violated pursuant to both Rule 1100 and the sixth amendment to the United States constitution and that prior appellate counsel was ineffective for failing to preserve this issue. He also alleged that the evidence was insufficient to support his convictions. Counsel was appointed, and he filed a no-merit brief and asked to

withdraw.[1] On June 10, 1991, the trial court granted counsel's petition to withdraw and dismissed the petition without a hearing. This appeal followed.

*Pro se* appellant raises two issues: whether the evidence was sufficient to sustain his conviction for aggravated assault as to the November 1, 1985 assault on Arlene Briggs, and whether his constitutional right to a speedy trial was violated by the fifteen-month delay between his arrest and trial. Appellant concedes that the first "issue was previously presented on direct appeal to the instant Court...." Appellant's brief at 3. He seeks "to reargue his case using the principles of law promulgated in the Pennsylvania Supreme Court's holding in *Commonwealth v. Mayo*, 272 Pa.Super. 115, 414 A.2d 696 (1979)." *Id.*

■ Initially, we discuss whether appellant's claims for relief may be entertained under the PCRA. Appellant's eligibility for relief is governed by the provisions of the Post–Conviction Relief Act. 42 Pa.C.S. § 9543 controls appellant's eligibility for relief under the PCRA and lists four factors that must be met before such relief may be granted. 42 Pa.C.S. §§ 9543(a)(1), (a)(2), (a)(3), and (a)(4). Section 9543(a)(3) provides that allegations of error that have been previously litigated may not be entertained in a petition for post-conviction relief.

Section 9544(a) of the PCRA defines previous litigation:

**(a) Previous litigation.**—For the purpose of this subchapter, an issue has been previously litigated if:

(1) it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal;

(2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

---

1. Appellant does not allege that this decision was in error.

As the issue of the sufficiency of the evidence in connection with the November 1, 1985 attack on Arlene Briggs was decided by this court, which is the highest appellate court in which appellant had review as a matter of right, it is previously litigated under section 9544. Appellant is not eligible for relief under the PCRA as to this issue.

Next, we address whether appellant has waived the second issue presented, his sixth amendment speedy trial claim. Section 9543(a)(3)(i) provides that an issue that has been waived is not cognizable under the PCRA. Section 9544(b) provides, in relevant, part, "[A]n issue is waived if the petitioner failed to raise it and if it could have been raised ... on appeal." (Emphasis added). Since appellant's issue regarding his speedy trial right *could have* been raised on direct appeal, it has been waived under section 9544.

■ Appellant nevertheless will be eligible for relief under the PCRA if one of the two exceptions to waiver contained in section 9543(a)(3) applies. Section 9543(a)(3) provides that an allegation of error that has been waived can be entertained under the PCRA under two conditions:

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a)(3). Since appellant's sixth amendment issue has been waived due to his failure to raise it during direct appeal proceedings, section 9543(a)(3)(iii) applies if the waiver does not constitute a state procedural default barring federal habeas corpus relief. *Commonwealth v. Hanes,* 397 Pa.Super. 38, 579 A.2d 920 (1990); *Commonwealth v. Ryan,* 394 Pa.Super. 373, 575 A.2d 949 (1990).

■ We next examine whether the waiver constitutes a state procedural default barring federal habeas corpus relief. If not, the issue is not waived. Federal courts will excuse a

state procedural default based upon a showing of cause and prejudice. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). There must be cause for the default and prejudice resulting therefrom.

Ineffective assistance of counsel will constitute cause for procedural default in federal court allowing for habeas corpus relief as long as the defendant had a constitutional right to counsel at the stage in the state proceeding where counsel's ineffectiveness resulted in waiver. *Coleman v. Thompson, supra.* In this case, appellant had the right to counsel during his direct appeal as of right, which is where this sixth amendment claim was waived. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Furthermore, he had the right to effective assistance of counsel during that direct appeal. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

Accordingly, under *Coleman,* an allegation of ineffectiveness of his prior appellate counsel in failing to raise this issue during direct appeal would result in the claim not being waived in the federal courts. Thus, an allegation of ineffectiveness of counsel in failing to raise the issue during direct appeal overcomes the bar of waiver under section 9543(a)(3)(iii). *Commonwealth v. Pitts,* 397 Pa.Super. 387, 580 A.2d 352 (1990); *Commonwealth v. Hanes, supra; Commonwealth v. Weinder,* 395 Pa.Super. 608, 613 n. 2, 577 A.2d 1364, 1367 n. 2 (1990); *Commonwealth v. Velasquez,* 387 Pa.Super. 238, 563 A.2d 1273 (1989).

In the present case, appellant is *pro se* and in his PCRA petition, clearly alleges that prior counsel were ineffective for failing to preserve the sixth amendment issue. In his appellate brief, appellant does not layer the sixth amendment claim properly; however, in light of his pro se status and the proper layering of the ineffectiveness claim in the PCRA petition, we will assume that on appeal, he has alleged that prior counsel was ineffective for failing to raise the sixth amendment issue during appellant's direct appeal. Accordingly, we will treat

the issue as not waived and determine whether it is cognizable under the PCRA.

We observe that in accordance with the above-cited cases, this court consistently has held that an allegation of ineffectiveness of counsel in failing to preserve an issue is sufficient to overcome waiver under section 9543(a)(3)(iii) of the PCRA when the proceedings involves a petitioner's first PCRA petition. In this connection, it is important to realize that nearly all claims are waived[2] under the PCRA since nearly all claims potentially could have been raised on direct appeal. This applies even if the first-time petitioner never has obtained appellate review of his conviction. This crucial right to direct review of all criminal convictions, guaranteed under the Pennsylvania constitution, should not be lost due to the incompetent advice of prior counsel that no meritorious issues exist.

In the present case, there is no indication that counsel analyzed the issue and decided to forego it, and there was a fifteen-month delay in appellant's trial due to overcrowded dockets, which is imputed to the Commonwealth under the sixth amendment (unlike under Rule 1100). Appellant alleges that prior counsel were ineffective for failing to raise the issue. These facts are sufficient to overcome waiver.

We also observe that this conclusion about the intent of section 9543(a)(3)(iii) does not raise the specter of serial PCRA petitions based on numerous layered allegations of ineffective assistance of counsel. The PCRA has redressed the problem of repetitious PCRA petitions involving layered claims of ineffectiveness to overcome waiver. When a criminal defendant has once had the opportunity to avail himself of the PCRA, all claims will be waived unless the claim establishes that the petitioner is innocent. 42 Pa.C.S. § 9543(a)(3)(ii); *Commonwealth v. Dukeman,* 413 Pa.Super. 397, 605 A.2d 418 (1992).

2. Of the eight types of cognizable PCRA claims, six consistently will be waived. The discovery of inculpatory evidence and the obstruction of the appellate process possibly are not claims that could not have been raised on appeal.

We next determine whether appellant has met any of the requirements contained in section 9543(a)(2) of the PCRA, which also limits a petitioner's eligibility for relief. That section provides that a PCRA petitioner must plead that his conviction resulted from one or more of eight circumstances:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

(iv) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

██ Appellant's sixth amendment claim falls within the provisions of section 9543(a)(2)(v), and we will address its merits. The claim is cognizable under the PCRA even though it does not relate to the truth-determining process and it involves a claim of ineffectiveness of counsel for the following reason.

■ Once again we begin with the basic precept that nearly all PCRA claims are waived since they all could have been raised in a direct appeal. Thus, to overcome waiver, all issues will be framed in terms of prior counsel's ineffectiveness for failing to preserve the claim. However, that allegation of ineffectiveness must relate solely to the waiver analysis, then the underlying claim must be analyzed in terms of whether it is cognizable. Otherwise, all PCRA claims would fall within only one category of cognizable claims—9543(a)(2)(ii).

Any other approach would erase three of eight types of cognizable PCRA claims for the following reason. If a sentence is imposed in excess of the lawful maximum and no appeal is taken, the allegation will be that prior counsel was ineffective for failing to raise the legality of sentence on appeal. However, allegations regarding sentence do not relate to the truth-determining process and are not cognizable. Meanwhile, the PCRA clearly was intended to redress sentences exceeding the lawful maximum. Similarly, if a tribunal acts without jurisdiction but the defendant's prior counsel failed to appeal, the lack of jurisdiction, viewed in terms of ineffectiveness of counsel, would not be cognizable since jurisdiction does not relate to the truth-determining process.

Thus, it is clear that the issue of ineffectiveness for failing to raise the issue in direct appeal proceedings must be viewed solely in the context of section 9543(a)(3). Then, the claim itself must be analyzed under section 9543(a)(2). In this case, the issue is whether prior counsel were ineffective for waiving a valid sixth amendment claim on appeal. Prior counsel's ineffectiveness for failing to raise the claim overcomes the bar of waiver. The claim itself, whether the sixth amendment was violated, falls within section 9543(a)(2)(v). Therefore, it is cognizable.

On the other hand, if we assumed that the claim was that trial counsel was ineffective for failing to seek severance and that prior counsel were ineffective for failing to preserve the issue on direct appeal, the allegations relating to waiver are viewed in terms of section 9543(a)(3)(iii). However, the underlying claim, ineffectiveness of counsel in not seeking sever-

ance, would fall within section 9543(a)(2)(ii) and would not be cognizable since the truth-determining process is not involved in a severance claim.

Having concluded that appellant's claim is cognizable under section 9543(a)(2)(v), we review the merits. Relying upon *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), appellant alleges that his speedy trial rights were violated. In *Barker*, the Court adopted a balancing test to determine whether a defendant's speedy trial rights are violated. It announced that the following factors are to be used in a speedy trial analysis: the length of the delay, the reason for the delay, whether the defendant has asserted his right to a speedy trial, and any prejudice to the defendant from the delay. In the present case, only one factor, the amount of time between appellant's arrest and trial, weighs in his favor. Appellant was tried fifteen months after the incident. Meanwhile, the record establishes that the delay resulted from the trial court's crowded docket. The case was tried at the earliest possible time given the trial court's calendar. Appellant made no attempt to dismiss the action due to the delay in trial. Finally, appellant does not allege that he suffered any prejudice from the delay. Thus, appellant's speedy trial claim is without merit.

Order affirmed.

BECK, J., concurs in the result.