**Victor Manuel ROMERO,**

v.

**William S. STICKMAN, III, et al.**

**No. 02–CV–8123.**

United States District Court,
E.D. Pennsylvania.

July 21, 2003.

Victor Manuel Romero, Waynesburg, PA, for Petitioner.

Alisa R. Hobart, Reading, PA, Kelly S. Kline, Berks County District Attorney, Reading, PA, for Respondents.

### *MEMORANDUM OPINION AND ORDER*

RUFE, District Judge.

Before the Court are Petitioner Victor Manuel Romero's Objections to Magistrate Judge Thomas Rueter's Report and Recommendation in the above-captioned habeas corpus case.

In his Petition for a Writ of Habeas Corpus, Romero challenges his state court conviction which results from an incident in which he set a fire in his father's house, ultimately causing the death of his father. On June 9, 2000, prior to trial in the Berks County Court of Common Pleas, Romero entered a plea of guilty but mentally ill to murder in the second degree. No direct appeal followed.

On December 5, 2000, Romero filed a *pro se* Motion pursuant to the Post–Conviction Relief Act, 42 Pa. Cons.Stat. Ann. §§ 9541–46. On March 9, 2001, the PCRA Petition was dismissed by the Court of Common Pleas. Romero thereafter appealed to the Pennsylvania Superior Court,

which affirmed the order dismissing the PCRA Petition in a Memorandum dated April 1, 2002. While the Superior Court fully addressed and rejected Romero's two ineffective assistance claims, it found that the other claims raised in the PCRA Petition had been waived pursuant to 42 Pa. Cons.Stat. § 9544(a) due to Romero's failure to properly layer those allegations in terms of counsel's ineffectiveness. *Commonwealth v. Romero*, No. 612 MDA 2001, slip op. at 5–8 (Pa.Super. Ct. April 1, 2002).

On September 1, 2002, Romero filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his Petition, Romero raises the following claims:

(1) Denial of effective assistance of guilty pleas counsel who allowed and assisted in coercing Petitioner to plead guilty to a crime he could not lawfully have committed;

(2) The evidence was insufficient to support Petitioner's guilty plea to second degree murder;

(3) Guilty plea counsel was ineffective for failing to file a motion to suppress statements allegedly made by appellant to jailhouse informants regarding his involvement in the fire at his father's residence; and

(4) The conviction was obtained by a plea of guilty which was not made voluntarily with the understanding of the nature of the charge(s) and the consequences of the plea.

Petition at ¶ 12.

On November 11, 2002, the case was referred to Magistrate Judge Thomas J. Rueter for a Report and Recommendation in accordance with Local Rule 72.1. The Magistrate Judge thereafter issued a Report in which he found that two of Romero's four claims (Issues 2 and 4) were procedurally defaulted due to Petitioner's failure to pursue them on direct appeal in state court. Report and Recommendation at 14–15. The Magistrate Judge concluded that only Romero's ineffective assistance of counsel claims (Issues 1 and 3), which had been raised in the PCRA proceeding and thereafter presented to the Pennsylvania Superior Court on appeal, would be considered. The Magistrate Judge recommended that both of the ineffective assistance of counsel claims be rejected, finding that guilty plea counsel was not ineffective and that Romero was not "coerced" into pleading guilty, and that Romero's claim that counsel was ineffective for failing to move to suppress certain statements was devoid of any factual support. Report and Recommendation at 12–13.

Pursuant to Fed.R.Civ.P. 72(b), Romero herein objects to the Report and Recommendation on the following grounds:

(1) that the Magistrate Judge erred by not applying the pre-ADEPA scope and standard of review to the first and third issues raised in the Petition;

(2) that the Magistrate Judge erroneously decided that the state procedural default urged by Respondent constituted "independent and adequate" state grounds to bar federal review of Petitioner's claims;

(3) that the Magistrate Judge erroneously decided that the "Affidavit of Probable Cause" constituted sufficient evidence to establish Petitioner's specific intent to commit first-degree murder;

(4) that the Magistrate Judge erroneously concluded that based upon the record evidence Petitioner possessed the requisite intent to commit second-degree murder;

(5) that it was error for the Magistrate Judge to decide that based upon the record evidence, Petitioner possessed the requisite intent to commit the crime of arson;

(6) that it was error for the Magistrate Judge to apply a presumption of correct-

ness to the Commonwealth's Findings of Facts in this case since *Lockhart* and *Gillis* require the Habeas Court to consider the record as a whole and the totality of the circumstances surrounding the guilty plea;

(7) that it was error for the Magistrate Judge to conclude that Petitioner was not entitled to habeas relief when the record in the case had not been fully developed;

(8) that it was error for the Magistrate Judge to decide that Petitioner's guilty plea counsel was not ineffective for coercing him to plead guilty to second degree murder;

(9) that the Magistrate Judge erred by concluding that Petitioner had not shown adequate cause and prejudice to excuse the procedural default of his claims of error numbered 2 and 4; and

(10) that it was error for the Magistrate Judge to decide that Petitioner had not shown a fundamental miscarriage of justice to excuse the procedural default of his claims of error numbered 2 and 4.

Petitioner's Objection to Magistrate Judge's Report and Recommendation at 10–22.

The Court has thoroughly reviewed the state court record, including the PCRA Court and Superior Court opinions, the Petition for Writ of Habeas Corpus, and accompanying memoranda of law, and the Magistrate Judge's Report and Recommendation. The Magistrate Judge applies the appropriate standard of review and sufficiently addresses the pertinent legal issues with respect to Romero's ineffective assistance of counsel claims (Issues 1 and 3).

Additionally, the Magistrate Judge properly concludes that Issues 2 and 4 were procedurally defaulted due to Romero's failure to file a direct appeal after his June 9, 2000 conviction or, in the alternative, to couch his arguments on the waived issues in terms of counsel's ineffectiveness. The Post–Conviction Relief Act, 42 Pa. Cons. Stat. § 9544(b), provides that if a petitioner could have raised an issue but failed to do so before trial, at trial, during unitary review or on appeal, or in a prior state post-conviction proceeding, the issue is deemed "waived." Waiver applies even in cases, as here, where the petitioner never obtained any direct appellate review of his conviction or sentence. *See Commonwealth v. Eaddy*, 419 Pa.Super. 48, 614 A.2d 1203, 1207–08 (1992). Where there is a waiver in state court, federal habeas relief is barred. *See, e.g., Jones v. Lavan*, 2002 WL 31761423, at *2–3 (E.D.Pa. Dec.9, 2002). Because Romero failed to raise Issues 2 and 4 on direct appeal, he is precluded from subsequently raising those issues in a federal habeas proceeding.

For the foregoing reasons, the Court overrules Romero's Objections, and adopts and approves the Magistrate Judge's Report and Recommendation. An appropriate Order follows.

### ORDER

AND NOW, this ___ day of July, 2003, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED and DECREED as follows:

(1) Petitioner's Objections to the Magistrate Judge's Report and Recommendation [Doc. No. 16] are OVERRULED;

(2) The Magistrate Judge's Report and Recommendation [Doc. No. 15] is APPROVED and ADOPTED;

(3) The Petition for a Writ of Habeas Corpus is DENIED;

(4) The Motion for Appointment of Counsel [Doc. No. 4] is DENIED;

(5) Because the Petition does not make a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability; and·

(6) The Clerk shall CLOSE this case for statistical purposes.