J-S72031-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JERRY DONALDSON, :
:
Appellant : No. 723 WDA 2014

Appeal from the PCRA Order Entered April 8, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010775-2009

BEFORE: BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 12, 2015**

Jerry Donaldson (Appellant) appeals from the order entered on April 8, 2014, dismissing his "Writ of Habeas Corpus," which was treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

On February 2, 2012, following a non-jury trial, Appellant was convicted of one count of persons not to possess a firearm and one count of carrying a firearm without a license, based on his involvement in the shooting death of Christian Edwards outside a gas station in Wilkinsburg, Pennsylvania.[1]  Appellant was sentenced to an aggregate term of four to eight years' imprisonment.  Appellant timely appealed, and this Court affirmed his judgment of sentence on April 16, 2013.  ***Commonwealth v.***

---

[1] Appellant was acquitted of criminal homicide.

* Retired Senior Judge assigned to the Superior Court.

***Donaldson***, 75 A.3d 556 (Pa. Super. 2013) (unpublished memorandum). Appellant subsequently filed a petition for allowance of appeal, which our Supreme Court denied on October 10, 2013. ***Commonwealth v. Donaldson***, 77 A.3d 635 (Pa. 2013). On November 15, 2013, Appellant filed his "Writ of Habeas Corpus," which the lower court treated as a petition filed under the PCRA. Accordingly, the PCRA court appointed counsel to represent defendant.

On March 7, 2014, after investigating Appellant's claims, Appellant's counsel filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 12, 2014, the PCRA court granted PCRA counsel's motion to withdraw. Additionally, pursuant to Pa.R.Crim.P. 907, the PCRA court provided Appellant with notice of its intent to dismiss his petition without a hearing and advised Appellant that he had 20 days within which to respond. Appellant did not file a response to the PCRA court's 907 notice and, on April 8, 2014, the PCRA court dismissed the petition. Appellant timely filed the instant appeal.

Appellant presents the following issue for our consideration: "Whether[] the sentencing court erred and/or abused its discretion for sentencing Appellant for a crime that did not statutor[il]y exist under [18 Pa.C.S. §§ 6105(a)(1) and 6106(a)]?" Appellant's Brief at 4.

"Our 'standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error.'" ***Commonwealth v. Sampson***, 900 A.2d 887, 890 (Pa. Super. 2006) (quoting ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003)).

Appellant argues, in relevant part, that

[he] was improperly indicted by information for the one count of possession of a firearm and the one count of carrying a firearm without a license which both lack the necessary statutory elements under … 18 P[a].C.S. §[]6102 [(defining, *inter alia*, "firearm")].

… [T]he court proceeded to sentence [A]ppellant based upon a firearm that does not exist under the provisions of … 18 P[a].C.S. §§ 6105(a)(1) and 6106(a) which [A]ppellant received a 4 to 8 year sentence of imprisonment based upon fraudulent information of a crime that did not exist statutorily[;] thus[,] [A]ppellant's sentence was procured as a result of a fraud upon the court[.]"

Appellant's Brief at 7.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence in question arose from one or more of the errors enunciated in section 9543(a)(2), and that the issues raised have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(2)-(3). "[A]n issue has been previously litigated if[] the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2), (3).

We are unable to discern from Appellant's brief the precise reason why he believes he is entitled to relief. To the extent that he is claiming that the evidence was insufficient to sustain his convictions, as the Commonwealth failed to prove that he possessed or carried a firearm, this claim was previously litigated and rejected by this Court on direct appeal. **See Commonwealth v. Donaldson**, 75 A.3d 556 (Pa. Super. 2013) (unpublished memorandum at 6-10). Specifically, this Court reasoned, in part, that

> the Commonwealth proffered eyewitness testimony proving that Appellant was seen alone with Edwards moments before gunshots rang out. Immediately following those shots, witnesses saw Appellant, who appeared to be injured, walking towards his car and then leaving the scene. Shell casings discovered near Edwards' body confirmed that two firearms were discharged, one of which was found in Edwards' hand and another that was never recovered. Based on this evidence, we conclude that the inferred fact that Appellant possessed a gun flowed, beyond a reasonable doubt, from the facts proven by the Commonwealth at Appellant's trial.

**Id.** at 9-10. Thus, Appellant is not entitled to PCRA relief. **See Commonwealth v. Eaddy**, 614 A.2d 1203, 1206 (Pa. Super. 1992) (holding that the appellant was not eligible for relief under the PCRA on the issue of the sufficiency of the evidence because that issue was previously litigated under section 9544).[2]

---

[2] Appellant has not raised any issues on appeal regarding whether the trial court properly treated Appellant's "Writ of Habeas Corpus" as a PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." **Commonwealth v. Burkett**, 5 A.3d

To the extent that Appellant is attempting to raise some challenge other than sufficiency of the evidence, Appellant's claims are waived for failure to develop them. *See Commonwealth v. Rush,* 959 A.2d 945, 950-51 (Pa. Super. 2008) ("It [is] not for this Court to develop an appellant's arguments. Rather, it is the appellant's obligation to present developed arguments and, in so doing, apply the relevant law to the facts of the case, persuade us there were errors, and convince us relief is due because of those errors. If an appellant fails to do so, we may find the argument waived.") (internal citations omitted). We therefore affirm the order dismissing Appellant's petition.

Order affirmed.

---

1260, 1274 (Pa. Super. 2010). This Court has held that sufficiency-of-the-evidence claims are not cognizable under the PCRA. *See generally Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); *Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (Pa. Super. 1998) (explaining that sufficiency-of-the-evidence claims are not cognizable in the context of a PCRA petition). Nevertheless, we note that Appellant would not be entitled to *habeas corpus* relief either, as a writ of *habeas corpus* cannot "be used to question the sufficiency or insufficiency of the evidence to sustain a conviction." *Commonwealth v. Smythe*, 195 A.2d 187, 189 (Pa. Super. 1963).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2015