Commonwealth *v.* Edwards, Appellant.

Submitted September 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*James J. Phelan, Jr.,* for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

Appellant contends that he should have been permitted to withdraw his guilty plea when the terms of a plea agreement were not followed.

Appellant was charged with beating a victim and stealing his ring and wristwatch. Trial was held before the Honorable Curtis C. CARSON, JR., on December 20,

1972, at which time appellant was represented by a Public Defender. Appellant indicated to the court his desire to change his plea to the aggravated robbery charge. As a result of the guilty plea, the Commonwealth nolle prossed the remaining indictments, charging appellant with aggravated assault and battery and simple assault and battery.

Before accepting the plea, the trial court entered into an extensive colloquy to determine the appellant's voluntariness and knowledge of the meaning and consequences of so pleading. It was during this colloquy that the Court was made aware of appellants serious drug problem. By appellant's own admission, it was determined that should appellant be released, he would most probably renew his efforts to obtain drugs. The appellant offered his remark that "I am doing this [pleading guilty] because of the drug problem." Following the colloquy the Court accepted the plea, and sentenced the appellant to a term of 18 months to five years in the State Correctional Institution. Appellant now contends that his guilty plea was involuntary, as he was assured by his attorney that the Court would place him on probation under the care of a drug rehabilitation program.

Appellant cites our opinion in *Commonwealth v. Barrett*, 223 Pa. Superior Ct. 163, 299 A. 2d 30 (1972), which permitted the appellant to withdraw his guilty plea because a plea bargain was not kept. That case is, however, inapposite to the instant case. Here, it is appellant's bald assertion that a plea bargain had been entered into by the district attorney and defense counsel. On the state of the record, there is no such indication, and, in fact, the district attorney denies any agreement to make a recommendation that appellant be placed in a rehabilitation program *in exchange for* a guilty plea to the charge of aggravated robbery. In *Barrett*, there was no dispute whatsoever with respect

to the existence of the plea bargain.[1] We are unable to find a basis for permitting this appellant to withdraw his plea and order a new trial.

Judgment of sentence is affirmed.

---

[1] If the appellant, at a subsequent PCHA hearing could produce credible evidence of the existence and nature of the plea agreement, he should be permitted to withdraw his plea. In light of Pa. R. Crim. P. 319, which became effective prior to the date of appellant's trial, a guilty plea "tendered" pursuant to a plea bargain or agreement may always be withdrawn if the sentencing judge cannot follow its terms. It is furthermore mandated by the Rule and by previous case law that it is reversible error for the district attorney to fail to inform the Court of the existence and terms of a negotiated plea agreement. *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A. 2d 526 (1971) ; *Commonwealth v. Barrett, supra.*