658 A.2d 816

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Conrad STARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Filed May 9, 1995.

---

128

James F. Donohue, Butler, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for the Com., appellee.

Before McEWEN, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal of an order of the lower court (the Butler County Court of Common Pleas) dismissing appellant's petition for post-conviction relief without a hearing. We vacate the order and remand the case for a hearing.

Appellant entered a plea of guilty to nine counts of burglary on August 3, 1992. On September 17, 1992, the lower court sentenced him to concurrent terms of imprisonment of three to six years. At the time of sentencing, appellant was serving a sentence of imprisonment in Westmoreland County in connection with charges filed there. Appellant was also serving a sentence from Allegheny County in the Westmoreland County jail. He had additional charges pending against him in Mercer and Washington counties.

On August 3, 1993, appellant filed a Motion for Correction of Sentence *Nunc Pro Tunc* on the basis that he had not received credit in Butler County for time he had served in Westmoreland County since the time of his arrest on the Butler County charges. Appellant contended that the credit was part of his plea agreement with the Commonwealth. On September 20, 1993, the lower court ruled that appellant was not entitled to credit for time served in other counties because it appeared that he had been credited by the other counties with such time served.

Appellant filed an appeal to the Superior Court of the lower court's September 20, 1993 order. The Superior Court returned the notice of appeal to appellant because of defective service. Appellant then filed an amended notice of appeal. This court dismissed appellant's appeal on March 8, 1994 on the basis that the appeal was untimely.

On March 15, 1994, appellant filed a *pro se* petition for post-conviction relief. His court-appointed counsel filed a response to the lower court's notice of its intention to dismiss the petition. The lower court dismissed appellant's post-conviction petition on the basis that the issues raised had been previously litigated. From this order, appellant filed this timely appeal, in which he raises the following issues:

1. Whether the trial court erred when it determined that whether the Commonwealth should specifically perform a plea agreement was an issue previously litigated under 42 Pa.C.S.A. § 9544(a)(1)?

2. Whether the plea agreement between the Appellant and the Commonwealth dated August 3, 1992 should be specifically enforced?

3. Whether appellant should be permitted to withdraw from said plea agreement if the Commonwealth is not required to specifically perform it?

4. Whether trial counsel was ineffective for failing to advise appellant that he would not receive credit for time served as required by the plea agreement?

Before addressing these contentions, we first set forth our standard of review.

■ When reviewing the grant or denial of post-conviction relief, the appellate court is limited to determining whether the lower court's findings are supported by the record and its order is otherwise free of legal error. *Commonwealth v. Laskaris,* 407 Pa.Super. 440, 595 A.2d 1229 (1991). We grant great deference to the findings of the PCRA court. *Commonwealth v. Nelson,* 393 Pa.Super. 611, 574 A.2d 1107 (1990).

■ Appellant first contends that the lower court erred in determining that the issue of whether the Commonwealth should specifically perform the provisions of the plea agreement alleged by appellant had been previously litigated. Under section 9544(a) of the PCRA,[1] an issue will be considered previously litigated if:

(1) it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal;

(2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S.A. § 9544(a).

In the instant case, the trial court ruled on the merits of the issue on September 20, 1993. Appellant's appeal of that order

1. Post–Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

was returned because of defective service. Appellant filed an amended appeal, but this court dismissed it finding that the appeal properly should have been taken from the judgment of sentence rendered on September 17, 1992. Because appellant attempted to file an appeal of the trial court's ruling of September 20, 1993, we cannot say that the issue was previously litigated under section 9544(a)(1), *supra*. Appellant did file an appeal of the trial court's ruling on the merits, but it was ultimately determined to be untimely.

We also cannot conclude that appellant's claim has been previously litigated under section 9544(a)(2). In finding appellant's appeal of the September 20, 1993 order of the lower court untimely, this court relied on *Commonwealth v. McCleary*, 333 Pa.Super. 443, 482 A.2d 651 (1984). In that case, appellant entered guilty pleas on March 9, 1982, and the trial court imposed sentence on May 4, 1982. *Id.* at 445, 482 A.2d at 652. The appellant filed an application to reconsider sentence on May 4, 1982. The trial court denied the motion on July 9, 1982, and appellant appealed on July 28, 1982. *Id.* The court held that appellant had not filed a timely notice of appeal. Because the judgment of sentence was imposed on May 4, 1982, appellant's notice of appeal was filed well beyond the thirty day period for filing an appeal. The panel held that the fact that appellant had filed a motion for reconsideration of sentence "did not extend the time for taking an appeal." *Id.* at 446, 482 A.2d at 652.

In the instant case, the trial court rendered its judgment of sentence on September 17, 1992. Appellant filed a Motion for Correction of Sentence *Nunc Pro Tunc* on August 30, 1993, which the lower court denied on September 20, 1993. Appellant then appealed from the September 20, 1993 order. This court correctly dismissed the appeal as untimely under *McCleary, supra,* because appellant should have appealed from the September 17, 1992 order.

Under section 9544(a)(2) of the PCRA, *supra*, an issue will be considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue...." 42

Pa.C.S.A. § 9544(a)(2). This court's order dismissing the prior appeal as untimely was not a ruling on the merits of the issue. Therefore, the issue was not previously litigated under section 9544(a)(2).

Section 9544(a)(3) does not apply to the instant case because the issue has not been decided in any prior proceeding "collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3). Thus, we conclude that the trial court erred in determining that the issue raised in appellant's PCRA petition had been previously litigated.

Next, appellant contends that the plea agreement should be specifically enforced, or that he should be permitted to withdraw his guilty plea if the Commonwealth is not required to specifically enforce the plea agreement. To be eligible for relief under the PCRA, the petitioner must satisfy four tests. 42 Pa.C.S.A. § 9543(a). The first test is that the petitioner has been convicted of a crime under the laws of this Commonwealth and is, *inter alia,* "currently serving a sentence of imprisonment, probation or parole for the crime." *Id.,* § 9543(a)(1)(i). The record shows that on September 17, 1992, appellant was sentenced to a term of imprisonment of three to six years. Therefore, he satisfies the first criterion for post-conviction relief.

The second requirement for PCRA relief is that the conviction or sentence resulted from one or more of the circumstances described in section 9543(a)(2). One of those circumstances is that the conviction or sentence resulted from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty." *Id.,* § 9543(a)(2)(iii). Appellant contends that part of his inducement to plead guilty was that he was promised credit against his Butler County sentence for time served in the Westmoreland County jail, and that he has subsequently not been given credit for such time.

There is some support in the record for appellant's contention. At the sentencing proceeding in connection with appellant's guilty plea, the court stated that appellant's "negotiated

sentence" was three to six years imprisonment, probation and costs, with the sentences (on the nine counts of burglary) to run concurrent with each other and with appellant's pending burglary charges in Allegheny and Westmoreland counties. N.T., September 17, 1992, at 2. The court and counsel for appellant and for the Commonwealth then discussed the charges which were pending or decided against appellant in various counties, including Westmoreland, Allegheny, Mercer, and Washington. That discussion included the following:

THE COURT: This concurrent, pending charges, this is a State Sentence. I don't believe that the State is going to give credit upon a charge he hasn't been sentenced on yet.

MR. MORGAN (counsel for appellant): No, no. That's correct, Your Honor. You're sentencing him today, and he has other places after this he's going to get sentenced, also, but the three to six years will start—

THE COURT: On our sentence, it will start now and be concurrent with the sentence he already received, but the sentence he hasn't received, it can't be.

MR. MORGAN: *But he gets credit from the time he's been in jail from a detainer in this county,* so it would be while, as I understand it—

THE COURT: I just don't want any misleading—

THE DEFENDANT: I understand that.

MR. MORGAN: The Judge is just simply pounding out the sentence today here, making it concurrent. What other counties do and when you get sentenced, he has no control over.

THE DEFENDANT: I understand.

THE COURT: And you're not going to be concurrent with those other counties; is that right?

DEFENDANT: This will be concurrent with Allegheny and Westmoreland, right.

MR. MORGAN: Whatever you have already done, yeah.

THE COURT: Anything else? Very well, the negotiated plea is accepted then. . . .

September 17, 1992, at 5–6 (emphasis added). The court then set forth its sentence on the various charges. The court's sentence did not include any mention of credit for time served.

■ When a defendant's plea agreement is accepted, the trial court is bound to comply with the terms of that agreement. *Commonwealth v. Kioske*, 337 Pa.Super. 593, 487 A.2d 420 (1985). Likewise, the prosecution has the affirmative duty to honor any and all promises made in a plea bargain. *Commonwealth v. Potosnak*, 289 Pa.Super. 115, 432 A.2d 1078 (1981). Appellant has alleged that his plea agreement with the Commonwealth included a provision for credit against his Butler County sentence for time which he served in the Westmoreland County jail. If that allegation is true, then the Commonwealth was bound to honor that agreement.

In *Commonwealth v. Edwards*, 226 Pa.Super. 520, 313 A.2d 275 (1973), the appellant pled guilty with the expectation that he would be placed on probation in the care of a drug rehabilitation program as part of a negotiated plea. *Id.* at 522, 313 A.2d at 276. Instead, the court sentenced him to a term of imprisonment of eighteen months to five years. Appellant petitioned to withdraw his plea on the basis that it was involuntary. *Id.* This court determined that there existed no basis, other than appellant's own bald assertion, which would permit appellant to withdraw his plea. *Id.* The court reasoned that the record contained no indication that a drug rehabilitation program had been part of the negotiated plea, and that the district attorney denied that any such agreement had been made. *Id.*

In *Commonwealth v. Dickerson*, 449 Pa. 70, 295 A.2d 282 (1972), appellant sought post-conviction relief on the basis that her guilty plea had been induced by a promise of a specific sentence, which had not been fulfilled. *Id.* at 72, 295 A.2d at 283. At a post-conviction hearing, both trial counsel for appellant and counsel for the Commonwealth denied that a promise had been made for the specific sentence which appellant alleged. The *Dickerson* court held that the allegations which appellant asserted "raised a question of credibility and the PCHA hearing judge chose to believe (as was his discre-

tionary right) the testimony given by counsel." *Id.* at 73–74, 295 A.2d at 284.

■ The emphasized portion of the testimony of September 17, 1992 provides some support for appellant's allegation that his plea agreement with the Commonwealth included a provision for credit for time served. However, it would have been necessary for the lower court to have taken testimony at an evidentiary hearing to determine if, in fact, such provision was made part of the plea agreement.

The third requirement for relief under the PCRA is as follows:

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S.A. § 9543(a)(3).

■ We have already determined that appellant's allegation that the Commonwealth should specifically enforce the plea agreement has not been previously litigated. Waiver of an issue under the PCRA occurs "if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." *Id.,* § 9544(b). Nearly all claims under the PCRA are waived since nearly all claims could have been raised on direct appeal. *Commonwealth v. Eaddy,* 419 Pa.Super. 48, 614 A.2d 1203 (1992), *appeal denied,* 534 Pa. 636, 626 A.2d 1155 (1993). This applies even if a first time post-conviction petitioner never obtained appellate review of the conviction. *Id.* 419 Pa.Super. at 56, 614 A.2d at 1208.

■   Appellant's contention that the plea agreement should be enforced as alleged is clearly an issue that should have been raised in a direct appeal of the judgment of sentence. The record of sentencing and the written sentencing form both reveal that the lower court did not include credit for time served in the Butler County sentence. Since this issue could have been raised in a direct appeal, it is waived under section 9544(b).

Appellant has not alleged his innocence of the charges. Therefore, PCRA relief would be precluded under section 9543(a)(3)(ii). Federal courts will excuse a state procedural default where ineffective assistance of counsel constitutes cause for the procedural default "as long as there has been no deliberate decision not to pursue the issue." *Commonwealth v. Hanes,* 397 Pa.Super. 38, 44, 579 A.2d 920, 922 (1990) (citing *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Here, appellant has alleged that trial counsel was ineffective for failing to advise him that he would not receive credit for time served as required by the plea agreement.

The record shows that after appellant was sentenced on September 17, 1992, trial counsel filed a "Motion to Establish Commitment Date." In this motion, trial counsel alleged that appellant had not been given credit for time served even though he had been incarcerated "during the whole time of prosecution." Counsel requested that appellant be given credit for the time he had served in prison on the charges at issue here. Motion to Establish Commitment Date, filed October 14, 1992. The lower court, on November 10, 1992, dismissed the motion and cancelled the hearing scheduled in connection with it, "as the case has been resolved." Order of Court, November 10, 1992.

■   Appellant has alleged that he was not aware of the fact that he would not receive credit for time served until March, 1993. It is clear from the record that appellant's counsel was aware of this fact within thirty days of the judgment of sentence, as demonstrated by counsel's "Motion to Establish Commitment Date." It is possible that trial counsel filed the

motion without consultation with appellant, thus resulting in appellant's lack of awareness of the problem until March, 1993. However, this discrepancy between appellant's allegations and the record should have been resolved by the lower court. If counsel did not inform appellant of the fact that he was not going to receive credit for time served, and if there was no tactical basis for counsel's decision not to pursue the issue on appeal, appellant would meet the third requirement for eligibility for PCRA relief. 42 Pa.C.S.A. § 9543(a)(3)(iii), *supra.*

The final requirement for PCRA relief is that the failure to litigate an issue "prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(4). We have already determined that prior counsel did not take a direct appeal of the issue of the trial court's failure to give credit for time served. The lower court should have determined if that failure on counsel's part was the result of "any rational strategic or tactical decision." *Id.*

For all of the above reasons, it was necessary for the trial court to have conducted a hearing on appellant's PCRA petition. Therefore, the lower court erred in dismissing the PCRA petition without a hearing.

Order vacated. Case remanded to lower court for further proceedings in accordance with this Opinion. Jurisdiction relinquished.

POPOVICH, J., concurs in the result.