J-S75028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHARIEF SALEEM | |
| Appellant | No. 1081 EDA 2014 |

Appeal from the PCRA Order February 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006898-2007

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:              **FILED DECEMBER 24, 2014**

Sharief Saleem appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.   After our review, we affirm.

On November 5, 2008, a jury convicted Saleem of Possession with Intent to Deliver a Controlled Substance,[1] Possession of an Instrument of Crime,[2] Carrying a Firearm Without a License,[3] and Carrying Firearms on

---

[1] 35 P.S. §§ 780–113(a)(30).

[2] 18 Pa.C.S. § 907(a).

[3] 18 Pa.C.S. § 6106.

Public Streets or Public Property in Philadelphia.[4] On February 5, 2009, the court sentenced Saleem to an aggregate term of imprisonment of 8½ to 17 years. Saleem did not file a direct appeal.

On November 18, 2011, Saleem filed a *pro se* petition for relief under the PCRA, claiming ineffective assistance of counsel and challenging the length of his sentence. The PCRA court appointed counsel, and counsel entered her appearance on January 26, 2012. Thereafter, Saleem filed two amended *pro se* petitions, one on February 21, 2012, and another on August 7, 2012.[5] Although these filings were docketed, the PCRA court does not reference these amended *pro se* petitions in its opinion. It does not appear that appointed counsel ever filed an amended PCRA petition on behalf of Saleem. Instead, on March 5, 2013, counsel filed a petition to withdraw and

_____

[4] 18 Pa.C.S. § 6108.

[5] In **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011), our Supreme Court reiterated its "long-standing policy that precludes hybrid representation." **Id**. at 1036. While **Jette** involved a counseled appellant attempting to proceed *pro se* on appeal, our Supreme Court has also declared that "there is no constitutional right to hybrid representation . . . at trial," **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (1993), or during PCRA proceedings. **See Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999) (applying **Ellis** rationale prohibiting hybrid representation to PCRA proceedings, stating "[w]e will not require courts considering PCRA petitions to struggle through the pro se filings of defendants when qualified counsel represents those defendants"). **Cf. Commonwealth v. Willis**, 29 A.3d 393 (Pa. Super. 2011) (PCRA court accepted defendant's *pro se* PCRA petition despite fact that defendant was represented by counsel; this Court concluded PCRA court erred in permitting such dual representation during disposition of defendant's PCRA petition).

a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

In her no-merit letter, counsel stated that Saleem's petition was untimely under the PCRA, and that Saleem did not meet any of the exceptions to the one-year time requirement.[6]  **See** No-Merit Letter, 3/5/2013, at 2-4.  On April 19, 2013, Saleem filed a response to counsel's no-merit letter, stating that he was denied his constitutional right to appeal and "denied his constitutional right to effective assistance of counsel by direct appeal counsel."  Reply to No-Merit Letter, 4/19/13, at 2.  The PCRA court filed Rule 907 notice of intent to dismiss without a hearing.  **See** Pa.R.Crim.P. 907.  Saleem did not respond to this notice, and the PCRA court dismissed Saleem's PCRA petition and granted counsel leave to withdraw.[7]  This *pro se* appeal followed.

When examining a post-conviction court's grant or denial of relief, we

---

[6] **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Saleem's judgment of sentence became final on March 7, 2009, the date on which his appeal period expired. **See** Pa.R.A.P. 903.  Saleem had one year, or until March 7, 2010, to file a PCRA petition.  His petition was filed on November 18, 2011, over one year and eight months after his judgment of sentence became final.

[7] **See Commonwealth v. Hopfer**, 965 A.2d 270, 271 (Pa. Super. 2009) (PCRA court may not grant counsel's request to withdraw from representation or dismiss PCRA petition sooner than twenty days before petitioner receives counsel's official request for withdrawal).

are limited to determining whether that court's findings are supported by the record and whether the court's order is free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014); *Commonwealth v. Stark*, 658 A.2d 816, 818 (Pa. Super. 1995). We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

> "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a de novo standard of review to the PCRA court's legal conclusions." *Id*.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (en banc).

The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation, mandating independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012); *see also Commonwealth v. Pitts*,

981 A.2d 875 (Pa. 2009). The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See Turner*, *supra*,

Here, counsel has complied with the directives of *Turner*/*Finley*. Counsel listed the issues Saleem sought to raise (ineffectiveness of counsel and legality of sentence), and after independent review determined that Saleem's petition was untimely and that he did not meet any of the three exceptions to the time bar. No-Merit Letter, *supra* at 2. Our Supreme Court has ruled unequivocally that when a PCRA petition is untimely on its face and does not qualify for any of the exceptions to the timing requirements of the PCRA, the petition must be dismissed without addressing the merits of any claims raised therein. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999); *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999).

After our review, we find no error. Saleem claims direct appeal counsel, James F. Egan, Esq., was retained on February 9, 2009 to file an appeal, and he avers that counsel "passed away without filing a direct appeal[.]" Appellant's Brief, at 7. Saleem includes an obituary for Attorney Egan, indicating his death occurred on April 23, 2012. Attorney Egan's death, however, occurred *after* the filing of Saleem's PCRA petition, and his attempt to bring this within the after-discovered evidence exception fails. Further, counsel's failure to file an appeal is not a defense where the

- 5 -

petitioner could have determined through reasonable means whether an appeal was filed. **See Commonwealth v. Carr**, 768 A.2d 1164 (Pa. Super. 2001) (trial counsel's failure to file direct appeal was discoverable with due diligence during petitioner's one-year period to file timely PCRA petition; after-discovered evidence exception to PCRA timeliness requirements did not apply).

Counsel explained in her no-merit letter the reasons why Saleem did not qualify for any of the exceptions to the time requirement. The PCRA court certified in both its Rule 907 notice and its final order that it reviewed the record and agreed with counsel's no-merit letter. This complies with the directives of **Finley**. **See** Pa.R.Crim.P. 907 Notice, 1/29/14; Order, 2/27/14.

We agree with the PCRA court that Saleem's petition is facially untimely and it does not fall within any of the exceptions to the time bar. We, therefore, affirm the PCRA court's order dismissing Saleem's petition and granting counsel's request to withdraw.[8]

Order affirmed.

---

[8] We grant Saleem's Application for Post-Submission Communication filed December 12, 2014, and strike the Commonwealth's brief as untimely filed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014