J. S67010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEREYK L. MORRIS, | : | No. 79 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 16, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1103311-1995

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED October 6, 2016.**

Dereyk L. Morris appeals **pro se** from the order of December 16, 2015, issued by the Court of Common Pleas of Philadelphia County that dismissed his serial PCRA[1] petition without a hearing.

On February 25, 1997, appellant entered a negotiated plea and was consecutively sentenced to 10 to 20 years' imprisonment for third-degree murder, 10 to 20 years' imprisonment for robbery, and 5 to 10 years for criminal conspiracy for an aggregate sentence of 25 to 50 years' imprisonment.[2]  The sentences were to be served concurrently with a 17-

---

* Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2502(c), 18 Pa.C.S.A. § 3701(a)(1), and 18 Pa.C.S.A. § 903(a), respectively.

year federal sentence for carjacking[3] that appellant was serving at the time. Appellant did not file a direct appeal.

On December 14, 2009, appellant filed a PCRA petition that challenged his guilty plea on the basis that he did not want to plead guilty to robbery but did so because his counsel advised that he would get a lesser sentence. The PCRA court dismissed the petition as untimely. On July 13, 2011, appellant filed a second PCRA petition and claimed that trial counsel was ineffective for failure to examine the file. In an amended PCRA petition filed on November 18, 2011, appellant claimed that the common pleas court lacked subject matter jurisdiction. On December 17, 2012, appellant filed an affidavit in which he claimed to have newly discovered evidence and also leveled allegations of ineffective assistance of counsel. On May 14, 2013, appellant filed a motion to correct an illegal sentence and alleged that his murder and robbery convictions should have merged for sentencing purposes. The PCRA court dismissed this PCRA petition as untimely on October 6, 2014. The PCRA court also ruled that it lacked jurisdiction to rule on the motion to correct an illegal sentence which was treated as an untimely PCRA petition.

On August 27, 2015, appellant filed the current PCRA petition which was entitled "Motion to Correct Illegal Sentence-Merger Issues"[4] in which he

---

[3] 18 U.S.C.A. § 2119.

[4] The legality of a sentence is subject to review within the PCRA. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

argued that the sentence he received was illegal because of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and because he should not have been sentenced separately for offenses which merged.

On November 6, 2015, the PCRA court issued a dismissal notice pursuant to Pa.R.Crim.P. 907. Appellant filed a ***pro se*** response in which he asserted that his petition was mailed on August 27, 2015, but it was not marked "received" by the PCRA unit until October 5, 2015. The PCRA court corrected the date of filing. On December 16, 2015, the PCRA court dismissed the petition as untimely.

Appellant raises the following issues for this court's review:

> 1.) Did [the PCRA court] error [sic] by dismissing [appellant's] petition as untimely?
>
>> A.) Is [appellant's] sentence illegal where the court failed to merge for sentencing purposes?
>>
>> B.) Does [appellant's] claim on Double Jeopardy have arguable merit?
>>
>> C.) Does [appellant's] claim prove [and] meet requirements to establish counsel's ineffectiveness?
>>
>> D.) Is [appellant] eligible for time credit pursuant to 42 Pa.C.S.[A.] [§] 9760?
>>
>> E.) Does [appellant] have a right to be appointed counsel?

> F.) Did [appellant] pass [and] meet timeliness requirements pursuant to 42 Pa.C.S.[A.] [§] 9545(b)(1)?

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

"When reviewing the grant or denial of post-conviction relief, the appellate court is limited to determining whether the lower court's findings are supported by the record and its order is otherwise free of legal error. We grant great deference to findings of the PCRA court." *Commonwealth v. Stark*, 658 A.2d 816, 818 (Pa.Super. 1995) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final.

> 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super. 2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong ***prima facie*** showing is offered to demonstrate that a miscarriage of justice may have occurred. ***Commonwealth v. Allen***, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A ***prima facie*** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. ***Allen***, at 142, 732 A.2d at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Jermyn***, 551 Pa. 96, 709 A.2d 849, 856 (1998).

> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.

§ 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.***, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. ***Id.*** at 329, 737 A.2d at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Monaco***, 996 A.2d at 1079-1080.

Here, appellant's conviction became final on March 27, 1997, when his ability to file a direct appeal ended. In order to timely file a PCRA petition, appellant had to file the petition within one year of March 27, 1997. The current petition was not filed until August 27, 2015, which was clearly untimely. In order for the PCRA court to properly consider the current petition, appellant must establish that the petition meets one of the three exceptions to the one-year requirement.

Appellant argues that the PCRA court is the government official who has interfered with the presentation of his claim because it has ruled that the motion to correct an illegal sentence must be treated as a PCRA petition and was untimely. As the PCRA court states, the Pennsylvania Supreme Court has held that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Fahy***, 737 A.2d at 223. Appellant cannot claim governmental interference when a common pleas court judge correctly applies the law regarding a timely petition.

Appellant also asserts that he did not become aware that the PCRA court could correct an unlawful sentence until March 15, 2013, and he filed his motion to correct an illegal sentence on May 14, 2013. The current petition was not filed until 2015, so this assertion is irrelevant. The PCRA court did not err when it dismissed the petition as untimely.[5] Besides, whether his sentence was illegal is not an "after-discovered fact" that would satisfy an exception to the one-year time bar.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 10/6/2016

---

[5] Because of the disposition of the timeliness issue, this court need not address appellant's remaining issues.