J. S47042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ISMAEL ACEVEDO ORTIZ, : No. 3397 EDA 2016
:
Appellant :


Appeal from the PCRA Order, September 23, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0003253-2003


BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 18, 2017**

Ismael Acevedo Ortiz appeals ***pro se*** the order of September 23, 2016 by the Court of Common Pleas of Lehigh County that dismissed his petition for a writ of ***habeas corpus*** as an untimely PCRA[1] petition without a hearing.  After careful review, we affirm.

The factual history of this matter as recounted by the PCRA court is as follows:

> On July 7, 2004, a jury found the appellant guilty of Murder of the Second Degree, Robbery and Criminal Conspiracy.[Footnote 1]  The appellant and two accomplices participated in the killing of Jasper Watts, who was shot in the back of his head inside his apartment.
>
> [Footnote 1]:    18   Pa.C.S.[A.] §[§] 2502(b), 3701(a)(1), and 903(a).

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On August 19, 2004, the appellant was sentenced to life imprisonment for the charge of Murder of the Second Degree. He also received concurrent sentences of not less than six (6) years nor more than twenty (20) years for the charge of Robbery, and not less than five (5) years nor more than twenty (20) years for the charge of Conspiracy to Commit Robbery.

The appellant's judgment of sentence was affirmed by the Superior Court on March 6, 2006 and thereafter the Supreme Court denied his petition for allowance of appeal.[Footnote 2]. The appellant filed a "Petition for Post-Conviction Collateral Relief" on June 22, 2007. Counsel was appointed to represent the appellant and a hearing was held on March 17, 2008. The PCRA petition was denied on June 30, 2008. The Superior Court affirmed that denial on May 18, 2009.[Footnote 3].

[Footnote 2]: *See Commonwealth v. Acevedo-Ortiz*, 898 A.2d 1123 (Pa.Super. 2006) (unpublished memorandum)[,] *appeal denied*, 903 A.2d 1232 (Pa. 2006).

[Footnote 3]: *Commonwealth v. Acevedo-Ortiz*, 2273 EDA 2008 (Pa.Super. May 18, 2009).

On June 21, 2016, the appellant filed "Petitioner's Writ for Habeas Corpus," which is the subject of this appeal, and an accompanying memorandum of law. This Court treated the appellant's request for habeas corpus relief as a request for PCRA relief. On August 30, 2016, pursuant to Pa.R.Crim.P. 907(1), this Court issued a notice of our intention to dismiss without a hearing, and permitted the appellant twenty (20) days to respond. The appellant failed to do so, and on September 23, 2016, the appellant's petition was dismissed.

On October 18, 2016, the appellant filed a Notice of Appeal without the required proof of service. Thereafter, the required Certificate of Service was filed on October 31, 2016. This Court issued an Order pursuant to Pa.R.A.P. 1925(b) on November 1, 2016, and the appellant filed "Appellant's Concise Statement of Matters for Appeal" (hereinafter Statement) on November 14, 2016. The appellant in that Statement reiterates his claim that the trial court "failed to issue an official, written, signed and sealed Sentencing Order."[Footnote 4]. The appellant also takes issue with the conclusion that the PCRA statute subsumes the writ of habeas corpus.[Footnote 5].

[Footnote 4]: Statement at p. 2.

[Footnote 5]: *See* 42 Pa.C.S.[A.] § 9542.

Trial court opinion, 12/12/16 at 2-3.

Before this court, appellant raises the following issues for this court's review:

1.  Has the Commonwealth of Pennsylvania established 191-years of staire [sic] decisis, whereby, concluding that a guilty plea, juries [sic] verdict of guilt, or, any pronouncements of the Court, "absent" an official, signed and sealed Order," fails to meet the requisite criteria of a lawful conviction?

2.  In the "absence" of a lawful conviction, via Official Sentencing-Order, has judgment of sentence been "finalized"?

3.  According to Jurisdictional Commonwealth Law in reference to Post Collateral relief, codified at 42 PA. C.S.[A.] § 9545(b)(1), is "Final Judgment" of sentence a non-waivable prerequisite which makes PCRA available as an avenue of judicial review and remedy?

4.    If PCRA is jurisdictionally unavailable for judicial review of lawful imprisonment, does Habeas Corpus statue [sic] 42 PA.C.S.[A.] § 6503(a)(b), provide a viable alternative for remedy?

5.    Based upon the afore-cited legal predicates, did the lower court commit reversible error, whereby "mischaracterizing" appellants [sic] Writ for habeas Corpus [sic] as a PCRA Petition?

Appellant's brief at iv (emphasis in original; citations omitted).

"When reviewing the grant or denial of post-conviction relief, the appellate court is limited to determining whether the lower court's findings are supported by the record and its order is otherwise free of legal error. We grant great deference to findings of the PCRA court." **Commonwealth v. Stark**, 658 A.2d 816, 818 (Pa.Super. 1995) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super. 2003); **Commonwealth v. Vega**, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong **prima facie** showing is offered to demonstrate that a miscarriage of justice may have occurred. **Commonwealth v. Allen**, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A **prima facie** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. **Allen**, at 142, 732 A.2d at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Jermyn**, 551 Pa. 96, 709 A.2d 849, 856 (1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, **i.e.**, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. **Id.** at 329, 737 A.2d at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***,

135 S.Ct. 707 (2014).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Monaco***, 996 A.2d at 1079-1080.

Here, the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on July 27, 2006. Appellant's judgment of sentence became final on October 26, 2006, after his opportunity to seek review with the United States Supreme Court ended. ***See*** U.S. Sup.Ct. Rule 13, 28 U.S.C.A. In order to timely file a PCRA petition, appellant had to file the petition within one year of October 26, 2006. The current petition was not filed until June 21, 2016, which was clearly untimely. In order for the PCRA court to properly consider the current petition, appellant must establish that the petition meets one of the three exceptions to the one-year timeliness requirement.

Appellant does not argue that he meets one of the exceptions. Even legality of sentencing claims are subject to the PCRA's time of filing restrictions. ***See Commonwealth v. Fahy***, 959 A.2d 312 (Pa. 2008). Instead, appellant argues that because the sentencing court failed to issue an official sentencing order and instead issued a "sentencing sheet" that there was no final judgment so that the time constraints of the PCRA do not apply. However, this court has reviewed the "sentencing sheet." There are three with one for each conviction. The sentencing judge signed all three and indicated the length of the sentence and whether a sentence was concurrent to another. It appears that these sheets constitute sentencing orders. Even if they do not, this court has held that the criminal docket and

the transcript of the sentencing hearing are sufficient to confirm the imposition of a prisoner's sentence even if no sentencing order was produced. **See Joseph v. Glunt**, 96 A.3d 365 (Pa.Super. 2014). Appellant does not assert that the docket entries and sentencing transcript do not confirm his sentence.

To the extent appellant argues that he can seek **habeas corpus** relief outside the PCRA, the trial court correctly stated that proceeding under the PCRA is the sole means of pursuing collateral relief and "encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. In **Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa.Super. 2013), this court stated that unless the PCRA fails to provide for a potential remedy, the PCRA subsumes the writ of **habeas corpus**. There is no indication here that the PCRA did not provide a remedy for appellant's claim.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017